UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WAYNE JUNIOR WILLIAMS,

      Petitioner,

                                                             File No. 2:12-cv-314

v.

                                                            HON. ROBERT HOLMES BELL

JEFFREY WOODS,

      Respondent.
                                  /

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION**

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On July 14, 2015, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that the Court deny the petition, deny Petitioner's request for an evidentiary hearing, and deny a certificate of appealability. (ECF No. 24.) Before the Court are Petitioner's objections to the R&R. (ECF No. 25.)

      This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

**Ground I.  Confrontation Clause**

Petitioner first objects to the determination that his claim under the Confrontation Clause is without merit because an out-of-court statement admitted by the trial court was not testimonial.  The Confrontation Clause does not apply to nontestimonial statements.  As the Supreme Court has stated:

> The text of the Confrontation Clause . . . applies to "witnesses" against the accused—in other words, those who "bear testimony."  2 N. Webster, An American Dictionary of the English Language (1828).  "Testimony," in turn, is typically "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Ibid.*  An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not.  The constitutional text, like the history underlying the common-law right of confrontation, thus reflects an especially acute concern with a specific type of out-of-court statement.

*Crawford v. Washington*, 541 U.S. 36, 51 (2004).  Honing in on the Supreme Court's reference to "government officers" in the foregoing passage, Petitioner contends that the record is unclear as to whether a statement made by his accomplice, Amsie Wright, to a mutual friend, John Bowman, was a statement made to a government officer.  Petitioner argues that the Court should hold a hearing to determine whether Bowman was acting as a government agent when Wright told him that Petitioner committed the offenses at issue.

Petitioner's objection is unsupported.  He does not point to any evidence in the record that Wright was a government agent.  In any event, statements do not become testimonial merely because they are made to government agents.  Instead, they are testimonial if they are made with the expectation that they will be used in the investigation and prosecution of a

crime. *United States v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2004); *see Crawford*, 541 U.S. at 52 (describing testimonial statements as those which are "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial[.]") (quotation marks and citation omitted). The statements made by Petitioner's accomplice to a trusted friend, and which implicated the accomplice, do not fall within the definition of testimonial evidence.

Petitioner also contends that, under *Crawford*, the state court should have determined whether Wright was available to testify. *See Crawford*, 541 U.S. at 59 (holding that testimonial statements of witnesses absent from trial may be admitted where the declarant is unavailable). This argument assumes that his statements were testimonial in nature. The Court discerns no error in the state court's determination that they were not.

Petitioner also contends that the state court improperly admitted his accomplice's statements under Michigan's evidentiary rules, which deprived him of due process. The R&R addressed this issue, and the Court discerns no error in that analysis.

**Ground II.  Admission of Evidence Regarding Petitioner's Reputation**

Next, Petitioner objects to the rejection of his claim concerning a witness's testimony that Petitioner had a bad reputation in the community. Petitioner contends that the magistrate judge improperly construed this claim as one involving prosecutorial misconduct, when his claim is that the evidence was improperly admitted. As indicated in the R&R, however, the trial court sustained an objection to this evidence, and later instructed the jury not to consider

3

improperly admitted evidence. Thus, Petitioner's assertion that the evidence was improperly admitted is factually incorrect.

### Ground III. Improper Vouching for Credibility of State Witness

Petitioner argues that the prosecutor improperly vouched for the credibility of Bowman when the prosecutor indicated that Bowman could serve additional time if he did not tell the truth. Petitioner contends the prosecutor's statements implied that the government had some "undisclosed evidence," or that it had an "infallible secret method" of determining when a witness is lying. (Pet'r's Obj. 5, ECF No. 25.) Petitioner's argument is unsupported by the record. The prosecutor was referring to Bowman's own testimony that he would have received a harsher sentence if he did not testify about the statements that Petitioner made to him. (*See* Tr. III, at 483, ECF No. 18.) The Court discerns no error in the analysis of the R&R on this issue.

### Ground IV: Ineffective Assistance of Counsel

Petitioner relies on the decision in *Clinkscale v. Carter*, 375 F.3d 430 (6th Cir. 2004), in support of his claim that he was denied the effective assistance of counsel when counsel decided not to call alibi witnesses who were family members or close friends of Petitioner. *Clinkscale* is distinguishable, however. In that case, counsel failed to file a timely notice of an alibi witness as required by Ohio law, which precluded counsel from calling any alibi witnesses. Here, in contrast, Petitioner's counsel was prepared to call alibi witnesses but decided not to. Petitioner has not offered a basis to overcome the presumption that this

decision was a reasonable trial strategy. *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

Petitioner asserts that his counsel should have consulted him before making a decision not to call the alibi witnesses, but even assuming that this assertion is grounds for an ineffective-assistance claim, Petitioner did not raise it in his petition; thus, it is waived. As the Sixth Circuit has explained:

> Petitioner did not raise this claim in his initial § 2255 motion. Rather, it was first raised in his supplemental objections to the magistrate judge's final Report and Recommendation. The magistrate thus never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")); *see also Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Paterson–Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990–91 (1 st Cir. 1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co., Inc.*, 747 F. Supp. 1299, 1302–03 (S.D. Ill. 1990). Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver.

*Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

**Evidentiary Hearing**

Finally, Petitioner asserts that he is entitled to an evidentiary hearing in which he might demonstrate prejudice. His request is precluded by the Supreme Court's holding in *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). *Pinholster* limited review under § 2254(d)(1) "to the record that was before the state court that adjudicated the claim on the merits." *Id.* Federal courts are prohibited from considering newly presented evidence as it

pertains to a claim that was adjudicated on the merits in state court. *Id.* Petitioner's claims for ineffective assistance of counsel were presented to the Michigan Court of Appeals in his motion for remand, which denied relief. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Denial of a motion for remand by the Michigan Court of Appeals has been held to be an adjudication of a claim on the merits. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012). Consequently, Petitioner is not entitled to an evidentiary hearing.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections (ECF No. 25) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the July 14, 2015, R&R (ECF No. 24) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's request for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A judgment will be entered that is consistent with this opinion and order.


Dated: October 7, 2015                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE